## W. H. CHADBOURN v. A. G. HENDERSON.

1. BILLS AND NOTES. *Mortgage. Foreclosure of.* The execution of a note and mortgage furnishes *prima facie* evidenec as to the true amount of indebtedness, and a settlement of accounts between the parties is matter in avoidance which must be sustained by proof enough to require an account to be taken to overcome such evidence.

2. SAME. *Same Equity of redemption.* Where the equity of redemption is not waived in the mortgage, it is error to decree the sale of such land, free from the equity of redemption, without giving a credit of six months, upon application of the mortgagee.

3. SAME. *Same. Receiver. Rents.* Where the maker of a mortgage, by its express stipulations, is allowed to retain possession of the property, until a foreclosure of the same, he is entitled to the rents, and it is error for the Court to appoint a receiver in such case as the consideration for a continuance.

Code cited: Section 2124, Sub-Secs. 3 and 2.

FROM RUTHERFORD.

Appeal from the Chancery Court. JNO. P. STEELE, Chancellor.

J. W. BURTON for Chadbourn *et al.*

PALMER & RICHARDSON and READY for Henderson.

NICHOLSON, C. J., delivered the opinion of the Court.

This bill was filed to foreclose a mortgage, executed by Henderson to Chadbourn & Co., on the 8th of January, 1868. The conveyance was made to se-

cure the payment of a note of $12,355, dated November 16th, 1867, and due one day after date.

It conveys to Chadbourn & Co. four tracts of land, and provides if the note is not paid in two annual installments, the lands are to be sold for the satisfaction of the debt, but "Henderson to have the full possession until the mortgage is foreclosed, and no steps to be taken by Chadbourn & Co. until the last payment is due."

During the pendency of the cause Henderson filed an affidavit for a continuance, which was granted, but on condition that a receiver be appointed to rent out the lands, the question as to whom the rents belonged being reserved.

On the hearing the Chancellor decreed a sale of the lands, free from the equity of redemption, but giving no credit on the sales.

For Henderson it is argued that the Chancellor erred in decreeing a sale; because it is shown by proof that he was not indebted to Chadbourn & Co. in the amount specified in the note, but that the note was executed subject to a settlement of accounts between the parties, and that upon such settlement Henderson would be found indebted only about $4,000, instead of $12,335, as specified in the note.

This defence was set up in the answer of Henderson, and being matter in avoidance, it devolved on him to make proof enough to require an account to be taken.  The execution of the note and mortgage furnishes *prima facie* evidence as to the true

amount of the indebtedness. The proof made by Henderson to overcome this evidence was held by the Chancellor to be insufficient. There was no error in this.

The testimony of the only witness consists of his recollection of a conversation with one of the firm of Chadbourn & Co., in which he was understood to say, that if the lands conveyed were worth $5,000, then the debt was safe. But upon cross-examination, we think, it is made to appear that the conversation had reference to only one of the four tracts conveyed, and that Chadbourn meant that if this one tract was worth $5,000, then the debt was safe, as he had a mortgage on three other tracts. The defence, therefore, is not sustained by the proof.

It is next insisted that the Chancellor erred in holding that the equity of redemption was cut off and barred upon the non-payment of the note. By Section 2124, Sub. Sec. 3, of the Code, lands are redeemable when sold under a deed of trust or mortgage, without a judicial sentence, unless the right of redemption is expressly waived by the deed or mortgage. But, by Sub. Sec. 2, lands so sold shall be redeemable, unless, upon application of a complainant, the Court order the sale on a credit of not less than six months.

In the mortgage before us, there is no power of sale in the mortgagee, nor is the equity of redemption waived. It is, therefore, a case falling under Sub. Sec. 2, and to cut off the right of redemption

it was essential that the sale should have been ordered on a credit of at least six months, and this order should have been on the application of complainant, and so appear in the decree.

It follows that the Chancellor erred in holding that the lands could be sold free from the equity of redemption, without giving a credit of six months, upon the application of complainant. This follows from the fact that there is no waiver of the equity of redemption in the mortgage deed.

It is next argued that the Chancellor erred in granting to Henderson a continuance, on condition that a receiver should be appointed to rent out the lands. There is nothing in the record showing that a receiver was necessary for the preservation of the property, nor does it appear that there was either petition therefor or motion, but the order was made as a condition to granting a continuance on good cause. This was done also in contravention of the express stipulation in the mortgage deed, that Henderson was to retain full possession until the mortgage was foreclosed. Under these circumstances, the appointment of the receiver was erroneous, and the mortgagor, in pursuance of the terms of the conveyance, was entitled to retain possession, and consequently to the rents.

For the error in the decree indicated, a decree of sale will be entered here, for cash, with the

right of redemption. The costs of the cause here and below will be paid out of the proceeds of the sale.